[Doc. Nos. 10, 16]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ARDAK AKISHEV, et al.,

              Plaintiffs,            Civil No. 13-7152 (NLH/AMD)

     v.

SERGEY KAPUSTIN, et al.,

              Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

In this action, Defendants seek a stay of proceedings pending resolution of litigation in the Eastern District of New York or, alternatively, request that the Court conduct a scheduling and case management conference pursuant to Federal Rule of Civil Procedure 16 prior to requiring Defendants to file a responsive pleading. (<u>See</u> Memorandum of Law in Support of Defendants' Motion to Stay and for Alternative Relief (hereinafter, "Defs.' Br.") [Doc. No. 10-1], 7, 10, 15.) Defendants also seek an extension of the time within which to answer, move, or otherwise reply to Plaintiffs' complaint. [1]

---

[1] The Court collectively refers to Sergey Kapustin, Irina Kapustin, Michael Goloverya a/k/a Mikhail Goloverya, G Auto Sales, Inc., Global Auto, Inc., Effect Auto Sales, Inc., Global Cars, Inc., SK Imports, Inc., as "Defendants[.]" The Court notes that defendants Vladimir Shteyn a/k/a Vladimir Shtein, Igor Zadorozhniy a/k/a Yegor Zadorozhniy, Michael B. Campagna, Michael Hitrinov a/k/a Michael Khitrinov, Empire United Lines

(Id.) In addition to opposing the pending motion, Plaintiffs have also moved for the entry of default in light of Defendants' purported failure to answer, move, or otherwise respond to Plaintiffs' complaint. (See Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Stay and for Alternative Relief (hereinafter, "Pls.' Opp'n") [Doc. No. 15]; see also Request to Enter Default as to Defendants [Doc. No. 16].) The central issue raised by the submissions is whether the pending litigation in the Eastern District of New York warrants staying this litigation. The Court conducted oral argument concerning the pending motions on March 5, 2014. For the reasons that follow, the Court finds that a stay of proceedings is not warranted and therefore denies Defendants' request for a stay without prejudice.  The Court grants Defendants' request for an extension of time to answer, move, or otherwise respond to Plaintiffs' complaint, and denies Plaintiffs' request for the entry of default without prejudice.

Plaintiffs, all "citizens of the former USSR Republics[,]" filed the initial complaint in this action on November 25, 2013. (See Complaint [Doc. No. 1], ¶ 1.) In their complaint, Plaintiffs allege that Defendants operated an ongoing fraudulent scheme calculated "to defraud overseas" car buyers

---

Co., Inc., CarCont, Ltd., and Global Cargo Oy have not yet responded to Plaintiffs' complaint.

(including the individual Plaintiffs) in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, et seq. (hereinafter, "RICO") (id. at ¶¶ 247-252, 270-286), the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq. (id. at ¶¶ 287-304), and the Motor Vehicle Information and Cost Savings Act, 49 U.S.C. §§ 32701, et seq. (id. at ¶¶ 317-319), in addition to various other state law torts. (Id. at 320-354.) Plaintiffs generally allege that Defendants "lur[ed]" Plaintiffs into consummating transactions to purchase Defendants' vehicles through "misrepresenting [the] mileage, condition[,]" "location and ownership" of the vehicles, and then by coercing additional payments for the vehicles. (Pls.' Opp'n [Doc. No. 15], 1.) Plaintiffs allege that Defendants purportedly "fail[ed] to deliver" Plaintiffs' vehicles in accordance with the parties' purchase agreements. (Id.)

Defendants seek to stay this action for a period of six (6) months pending resolution of litigation in the Eastern District of New York (hereinafter, the "E.D.N.Y. action"). (See Defs.' Br. [Doc. No. 10-1], 8; Defs.' Reply [Doc. No. 18], 1.) Defendants assert that the E.D.N.Y. action addresses "[a]ll of the dispositive issues that underlie Plaintiffs' claims and allegations in this action[.]" (Defs.' Br. [Doc. No. 10-1], 2.) Specifically, Defendants assert that "the heart" of this action concerns Defendants' alleged breach of contract for Defendants'

3

failure to deliver the vehicles purchased by Plaintiffs. (Id.) Defendants assert in this action that they fulfilled their obligations to transport the vehicles to Finland, but allege that the maritime commercial shipping defendants in the E.D.N.Y. action ("Michael Hitrinov and Empire United Lines") unlawfully detained and converted the vehicles in port in Finland. (Id. at 2-4.) Defendants therefore assert that the Court should stay this action in favor of the E.D.N.Y. action where the "the main issue" of who bears responsibility for the conversion of Plaintiffs' vehicles will be adjudicated. (Defs.' Reply [Doc. No. 18], 5-6.) Defendants accordingly seek to stay this litigation in order to avoid the alleged hardship associated with duplicative litigation. (Id. at 2, 9.)

Defendants alternatively seek to be exempted from their obligation to file a responsive pleading pending an initial scheduling conference pursuant to Federal Rule of Civil Procedure 16. (Id. at 10.) Defendants specifically propose that the Court address "issues relating to questions of applicable law, standing, sufficiency of the counts plead in the Complaint, and [the] existence of undisputed facts" prior to requiring Defendants to answer, move, or otherwise respond to Plaintiffs' complaint. (Id. at 10.) Defendants' alternative request seeks a

thirty (30) day extension of the time within which to answer, move, or otherwise reply to Plaintiffs' complaint.[2] (Id. at 15.)

Plaintiffs oppose the issuance of a stay and assert that this action concerns Defendants' purportedly "fraudulent dealings" with Plaintiffs, whereas the E.D.N.Y. action "deals with the debt dispute between" Defendant Global Auto Enterprise and a maritime shipping company Empire United Lines Company, Incorporated. (Pls.' Opp'n [Doc. No. 15], 12.) Plaintiffs further assert resolution of issues in the E.D.N.Y. action would be "merely peripheral" to the issues set forth in Plaintiffs' complaint in this litigation. (Id.) Consequently, Plaintiffs contend that the imposition of a stay would neither "simplify" nor "narrow" the issues to be litigated in this action because this litigation will proceed "regardless of the outcome" of the E.D.N.Y. action. (Id. at 13-14.) Plaintiffs also assert that any

---

[2] Defendants have also requested that the Court prohibit Nadia Wood, Esquire, from representing any Plaintiff in this action. (Defs.' Reply [Doc. No. 18], 9-11.) Nadia Wood has neither entered an appearance in this action, nor filed a motion to appear *pro hac vice*. Moreover, though Plaintiffs' complaint identifies Ms. Wood as proposed *pro hac vice* counsel for Plaintiffs, present counsel for Plaintiffs, Anna V. Brown, certifies that she "represent[s] all Plaintiffs" and that Ms. Wood will neither seek admission to this Court nor "be representing Plaintiffs in this action." (Plaintiffs' Sur-Reply Brief in Opposition to Defendants' Motion to Stay [Doc. No. 24], ¶¶ 4-5 (emphasis in original).) At oral argument on March 5, 2014, counsel for Plaintiffs again confirmed on the record that Ms. Wood will not act as counsel for Plaintiffs in this action. The Court therefore need not address Defendants' request at this time.

delay in this action would cause significant prejudice to Plaintiffs because any additional time would afford Defendants the latitude to "dissipate their assets in order to avoid paying damages[,]" if any, ultimately awarded in this action. (Id. at 14.)

With respect to Defendants' alternative requests, Plaintiffs assert that Defendants' request for an early initial scheduling conference is premature because Defendants have not yet responded to Plaintiffs' complaint and because any defenses identified by Defendants "should properly be raised" by way of dispositive motion. (Id. at 16.) Finally, Plaintiffs oppose a further extension of time, asserting that Defendants have had ample opportunity to prepare a response. (Id. at 19.)

Because the relation, if any, of this action to the E.D.N.Y. action bears on the issue of the stay request, the Court shall set forth certain salient details concerning that action. On April 24, 2013, Global Auto, Inc., G Auto Sales, Inc., and Effect Auto Sales, Inc. (Defendants in this litigation) commenced a maritime action in the E.D.N.Y. against Empire United Lines Co., Inc., Michael Hitrinov a/k/a Michael Khitrinov, and Mediterranean Shipping Company (USA) Inc. (also, Defendants in part in this litigation). See Global Auto, Inc. v. Michael Hitrinov a/k/a Michael Khitrinov, No. 13-2479, Memorandum and Order [Doc. No. 38], 1 (Nov. 7, 2013). In the

E.D.N.Y. action, plaintiffs allege that defendants "unlawfully seized certain automobiles owned by Plaintiffs and their customers" and seek "'[i]njunctive relief ... including but not limited to an order compelling the release of the [disputed] vehicles and restraining the defendants from withholding the vehicles from their rightful owners[.]'" Id. at 1, 3 (citation omitted). Plaintiffs in this litigation then moved (through their New Jersey counsel in this litigation) to intervene permissively and of right in the E.D.N.Y. action. Id. at 11. The District Court in the E.D.N.Y. action denied Plaintiffs' motion to intervene finding that the "facts and claims alleged" in Plaintiffs' proposed intervenor pleading bore only "marginal relevance" to the issues to be adjudicated in the litigation. Id. at 16. Rather than facilitate resolution, the E.D.N.Y. District Court further concluded that Plaintiffs' intervention would improperly "re-focus" the litigation "away from issues concerning the relationship between [p]laintiffs and [d]efendants[,]" pivoting the focus on the action instead "onto issues relat[ed] to [p]laintiffs' dealings" with customers. Id. at 15-16. The court therefore found that Plaintiffs' intervention would result in an unnecessary "delay [in] adjudication of the original parties' rights[.]" Id. at 15-16. Moreover, even if Plaintiffs possessed an inextricably intertwined interest in the action (thereby arguably triggering

7

intervention of right), the E.D.N.Y. District Court further concluded that the present parties adequately represented their interests. Id. at 14.

The Court now turns to Defendants' request to stay this litigation pending resolution of the issues raised in the E.D.N.Y. action. District courts possess inherent discretion to stay a proceeding whenever "the interests of justice" mandate "such action." U.S. v. Kordel, 397 U.S. 1, 12 n. 27 (1970). A district court's inherent authority "to control the disposition of the causes on its docket with economy of time and effort" implicitly carries with it "the power to stay proceedings[.]" Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). In making such determination, courts "must weigh competing interests" and strive to "maintain an even balance[,]" id., mindful that the stay of a civil proceeding constitutes "an 'extraordinary remedy.'" Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 7 F. Supp. 2d 523, 526 (D.N.J. 1998).

In Landis v. North American Company, 299 U.S. 248 (1936), the Supreme Court set forth the standard for a stay of proceedings and found that, the movant "'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay ... will work damage to [someone] else.'" Actelion Pharm. Ltd. v. Apotex Inc., No. 12-5743, 2013 WL 5524078 (D.N.J. Sept. 6, 2013), at *3

8

(quoting Landis, 299 U.S. at 255). "The power to stay proceedings 'calls for the exercise of judgment, which must weigh competing interests' and 'balance' the hardships with respect to the movant and non-movant." Actelion, 2013 WL 5524078, at *3 (quoting Landis, 299 U.S. at 254-55; citing Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1076 (3d Cir. 1983) (balancing the potential hardship with respect to both parties)).

Courts generally weigh a number of factors in determining whether to grant a stay including: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party[,]" Cima Labs, 2007 WL 1672229, at *8 (citing Motson v. Franklin Covey Co., No. 03-1067, 2005 WL 3465664, at *1 (D.N.J. Dec. 16, 2005)); (2) whether denial of the stay would create "'a clear case of hardship or inequity'" for the moving party, Hertz Corp. v. The Gator Corp., 250 F. Supp. 2d 421, 424 (D.N.J. 2003) (quoting Gold, 723 F.2d at 1075-76); (3) "whether a stay would simplify the issues and the trial of the case[,]" Cima Labs, 2007 WL 1672229, at *8 (citing Motson, 2005 WL 3465664, at *1); and (4) "whether discovery is complete and/or a trial date has been set." Id.; see also St. Clair Intellectual Prop. Consultants, Inc. v. Motorola Mobility LLC, No. 11-1305, 2012 WL 4321743 (D. Del. Sept. 20, 2012). However, additional considerations arise

depending upon the circumstances for which the movant requests a stay. For example, in Actelion, the Court noted that in the context of a stay pending resolution of a dispositive motion, courts "consider whether the pending dispositive motion 'appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law[.]" 2013 WL 5524078, at *3 (quoting Victor v. Huber, No. 12-282, 2012 WL 2564841, at *2 (M.D. Pa. July 2, 2012) (internal quotations and citations omitted)). Where a stay is sought pending resolution of purportedly related litigation, as here, courts consider whether resolution of the related litigation would substantially impact or otherwise render moot the present action. See, e.g., Bechtel Corp. v. Local 215, Laborers' Int'l Union, 544 F.2d 1207, 1215 (3d Cir. 1976) (noting that a district court may "hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues"); Rodgers v. U.S. Steel Corp., 508 F.2d 152, 162 (3d Cir. 1975) ("The district court had inherent discretionary authority to stay proceedings pending litigation in another court."). Consequently, if another litigation is pending, courts may, after balancing these factors, "hold one lawsuit in abeyance to abide the outcome of another which may *substantially affect* it or *be dispositive* of the issues." Bechtel Corp., 544 F.2d at 1215 (emphasis added); see also MEI, Inc. v. JCM Am.

10

Corp., No. 09-351, 2009 WL 3335866, at *4 (D.N.J. Oct. 15, 2009) ("A stay is particularly appropriate, and within the court's 'sound discretion,' where the outcome of another case may 'substantially affect' or 'be dispositive of the issues' in a case pending before a district court.") (citations omitted). The "party requesting a stay bears the burden of showing that the circumstances justify an exercise" of the Court's discretion to issue a stay. Nken v. Holder, 556 U.S. 418, 433-34 (2009) (citing Clinton v. Jones, 520 U.S. 681, 708 (1997); Landis, 299 U.S. at 255).

With respect to the first factor, the Court considers whether a stay would unduly prejudice or clearly disadvantage the non-moving party. See Actelion, 2013 WL 5524078, at *4 (citing Cima Labs, 2007 WL 1672229, at *8). Defendants assert that this factor favors a stay because Plaintiffs' complaint seeks neither injunctive relief, nor any specific performance. (Defs.' Br. [Doc. No. 10-1], 9.) Rather, Defendants assert that Plaintiffs seek "refunds" and damages for Defendants' allegedly fraudulent activities. (Id. at 9.) Though Defendants recognize that Plaintiffs' claims will "still be available" at the conclusion of the E.D.N.Y. action, Defendants assert that resolution of that action will provide the Court with a "better understanding" of Plaintiffs' claims in this action. (Defs.' Br. [Doc. No. 10-1], 9.) Plaintiffs, however, assert that further

11

delay in this action would cause significant "hardship[,]" in light of the fact that Plaintiffs "took out" high interest loans in order to purchase the disputed vehicles, for which Plaintiffs remain liable (and continue to repay). (Pls.' Opp'n [Doc. No. 15], 14.) Plaintiffs further assert that additional delay would enable Defendants' "racketeering activities" to continue. (Id.) Delay inherently results from the issuance of a stay, but "mere" delay does not, without more, necessitate a finding of undue prejudice and clear tactical disadvantage. Levy v. Sterling Holding Co., No. 00-994, 2004 WL 2251268, at *2 (D. Del. Sept. 27, 2004). Here, however, the Court notes that Plaintiffs first moved to intervene on June 28, 2013. Global Auto, Inc., No. 13-2479, Memorandum and Order [Doc. No. 38], 5.  However, the District Court in the E.D.N.Y. action denied the motion to intervene. In light of Plaintiffs' assertion of prejudice arising out of Plaintiffs' payment of outstanding car loans, the Court concludes that this factor favors denial of a stay and that the purportedly limited duration of the requested stay does not alter this conclusion.[3] The Court therefore finds that the

---

[3] Defendants assert that the District Court in the E.D.N.Y. action "issued an accelerated scheduling order" concerning the completion of pretrial factual discovery, and scheduled a final pretrial conference for "June 9, 2014." (Defs.' Reply [Doc. No. 18], 4.) However, there can be no certainty that those dates will remain as scheduled, nor that this matter will expeditiously proceed to trial and judgment within any definitive period of time.  Indeed, by letter dated May 2, 2014,

first factor, on balance, favors denial of Defendants' request for a stay.

     With respect to the second factor, the Court considers whether denying a stay would create "'clear hardship'" or "'inequity'" for Defendants. Actelion, 2013 WL 5524078, at *3 (citations omitted). Defendants assert that litigating "the same set of facts" in "two different jurisdictions" causes "significant hardship" and "creates substantial risk of competing or inconsistent adjudications[.]" (Defs.' Br. [Doc. No. 10-1], 8-9 (invoking the first-filed rule).) However, the mere existence of concurrent litigation is not, without more, sufficiently onerous to establish "clear" hardship or "inequity" for Defendants. Actelion, 2013 WL 5524078, at *3 (citations omitted). The movant must "'state a clear countervailing interest [in order to] abridge a party's right to litigate.'" U.S. v. Pechiney Plastic Packaging, Inc., No. 09-5692, 2013 WL 3336792, at *4 (D.N.J. July 2, 2013) (quoting CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc., 381 F.3d 131, 139 (3d Cir. 2004)). Here, the incidental burden and cost of proceeding in this litigation falls far short of "a clear case of hardship

---

counsel for Plaintiffs advised the Court that the District Court in the E.D.N.Y. action extended the discovery deadline and adjourned the pretrial conference until July 16, 2014. (See Letter from counsel for Plaintiffs to Judge Donio [Doc. No. 30].) Counsel for Plaintiffs further asserts that trial in the E.D.N.Y. action "is believed to take place no earlier than 2015." (Id.)

or inequity," Landis, 299 U.S. at 255, especially in light of Defendants' concession that Plaintiffs' claims will remain notwithstanding the outcome of the E.D.N.Y. action. (See generally Defs.' Br. [Doc. No. 10-1], 9.)  Moreover, the Court finds Defendants' reliance upon the first-filed rule to be unpersuasive. (See generally Defs.' Br. [Doc. No. 10-1], 14.) "When two district courts have concurrent jurisdiction," the first-filed rule generally provides the district courts discretion "to transfer, dismiss[,] or stay a subsequent proceeding 'involving the *same* parties and the *same* issues'" presently being litigated before another district court. D & L Distrib., LLC v. Agxplore Int'l, LLC, 959 F. Supp. 2d 757, 766 (E.D. Pa. 2013) (quoting E.E.O.C. v. Univ. of Pa., 850 F.2d 969, 971 (3d Cir. 1988)). However, application of the first-filed rule requires that the proceedings be "'truly duplicative'" and "'materially on all fours'" with the first-filed action. Grider v. Keystone Health Plan Cent., Inc., 500 F.3d 322, 334 n.6 (3d Cir. 2007). This action differs from the litigation in several material respects (indeed, lacking identity of both parties and issues) from the E.D.N.Y. action. The Court therefore finds application of the first-filed rule inapposite in the present action, and further concludes that the second factor does not support the issuance of a stay.

With respect to the third factor, the Court considers "'whether a stay would simplify the issues and the trial of the case.'" Actelion, 2013 WL 5524078, at *5 (citations omitted). "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another [litigation] which may substantially affect it or be dispositive of the issues." Bechtel Corp., 544 F.2d at 1215. Defendants assert that the disposition of the E.D.N.Y. action will "put to rest" several issues in this litigation, thereby obviating the need to adjudicate certain issues in a purportedly duplicative fashion. (Defs.' Reply [Doc. No. 18], 6; see also Defs.' Br. [Doc. No. 10-1], 9.) Defendants concede, however, that Plaintiffs' claims will remain "available" to Plaintiffs "at the conclusion of the" E.D.N.Y. action. (Defs.' Br. [Doc. No. 10-1], 9; Defs.' Reply [Doc. No. 18], 6.) Moreover, the District Court in the E.D.N.Y. action denied Plaintiffs' motion to intervene, primarily finding that the "facts and claims alleged" in Plaintiffs' proposed intervenor pleading (which counsel for Plaintiffs assert is nearly-identical to Plaintiffs' complaint in this action) bore only "marginal relevance" to the issues to be adjudicated in the litigation. See Global Auto, Inc. v. Michael Hitrinov a/k/a Michael Khitrinov, No. 13-2479, Memorandum and Order [Doc. No. 38], 16 (Nov. 7, 2013). Indeed, that court concluded that Plaintiffs' intervention would improperly "re-focus" the

15

litigation to unrelated issues. Id. at 15-16. The Court does not therefore find that disposition of the E.D.N.Y. action would simplify the issues to be litigated in this action to a degree sufficient to warrant a stay. The Court accordingly concludes that the third factor disfavors the issuance of a stay.

With respect to the fourth factor, the Court evaluates Defendants' motion for a stay in accordance with the scope of presently completed discovery and the scheduling of a trial date. See Actelion, 2013 WL 5524078, at *6. As set forth supra, Plaintiffs filed the initial complaint in this action on November 25, 2013 (see Complaint [Doc. No. 1]), with the pending motion filed shortly thereafter on January 20, 2014. (See Notice of Motion to Stay and for Alternative Relief [Doc. No. 10].) "Such temporal proximity supports the issuance of a stay because no party has engaged in significant production or protracted motion practice." See Actelion, 2013 WL 5524078, at *6. The Court therefore finds that this factor favors the issuance of a stay.

As generally set forth supra, a motion to stay "calls for the exercise of judgment" and requires the Court to consider competing interests. Landis, 299 U.S. at 254-255 (citations omitted). However, "'[a] stay is not a matter of right[.]'" Nken v. Holder, 556 U.S. 318, 433 (2009). "It is instead 'an exercise of judicial discretion,'" the propriety of which "'is

16

dependent upon the circumstances of the parties.'" <u>Id.</u> (citations omitted). For the reasons set forth <u>supra</u>, however, the Court finds in its discretion that a stay of this action pending resolution of the litigation in the E.D.N.Y. action would be, on balance, inappropriate. The Court therefore denies Defendants' request for a stay.

With respect to Defendants' request for a pre-answer initial scheduling conference, the Court notes that initial conferences pursuant to Federal Rule of Civil Procedure 16 generally aim to expedite "disposition of the action[,]" to establish "early and continuing control" in order to avoid any protraction in the litigation, and to discourage "wasteful pretrial activities[.]" FED. R. CIV. P. 16(a)(1)-(5). The Court, however, concurs with Plaintiffs that any "legal defenses" raised by Defendants should be presented by way of dispositive motion(s). (Pls.' Opp'n [Doc. No. 15], 16.) The Court therefore denies Defendants' motion to the extent it seeks a pre-answer initial scheduling conference.

Defendants also request an extension of time within which to answer, move, or otherwise respond to Plaintiffs' complaint. The Court notes that Federal Rule of Civil Procedure 6(b) generally provides that, "[w]hen an act may or must be done within a specified time" and the party required to act requests an extension of time "before the original time or its extension

17

expires[,]" the Court "may, for good cause, extend the time[.]"
FED. R. CIV. P. 6(b)(1)(B).  In light of the Court's resolution of
the pending motion, the Court finds good cause to support an
extension of the time within which to answer, move, or otherwise
respond to Plaintiffs' complaint.  Here, however, Plaintiffs
filed an amended complaint with respect to all Defendants on
April 4, 2014 which may moot or impact the requirement to answer
Plaintiffs' complaint or the time frame within which Defendants
must answer, move, or otherwise respond to Plaintiffs'
complaint. [4] (See generally First Amended Complaint [Doc. No.
27].) Moreover, the docket remains unclear concerning whether
the amended complaint has been served.  Consequently, though the
Court grants Defendants' motion to the extent Defendants seek
additional time to answer, move, or otherwise respond to
Plaintiffs' complaint, the Court shall address the time for
Defendants' response by separate Order of even date.

Having granted Defendants' request for an extension of
time, the Court accordingly denies Plaintiffs' request for the
entry of default without prejudice. Defendants filed their
motion to stay, or for alternative relief, on January 20, 2014.

---

[4] Plaintiffs filed the amended complaint without leave of Court
presumably taking the position that leave of Court was not
required. See, e.g., Barnes v. Dist. of Columbia, No. 13-1804,
2014 WL 2000377, at *2 (D.D.C. May 16, 2014) (setting forth the
circumstances under which a plaintiff may file an amended
complaint of right). As of this date, Defendants have not filed
any objection to the filing of the amended complaint.

(See generally Defs.' Br. [Doc. No. 10-1].) Shortly thereafter, Plaintiffs moved for the entry of default on February 4, 2014, in light of Defendants' failure "to file an answer or [to] otherwise respond to" Plaintiffs' complaint. (See Request to Enter Default as to Defendants [Doc. No. 16], ¶¶ 12-13; see also Stipulation Extending Time to Answer Plaintiffs' Complaint [Doc. No. 8], 1.) Federal Rule of Civil Procedure 55(a) generally prescribes a two-step mechanism by which a party seeks default judgment. See generally FED. R. CIV. P. 55. Specifically, a party seeking default judgment must first request that the clerk of court "enter" default with respect to any party that "has failed to plead or otherwise defend" in accordance with the time period set forth by the Federal Rules of Civil Procedure or as extended by court order. FED. R. CIV. P. 55(a). After entry of default, a plaintiff may then move for the entry of default judgment in accordance with Federal Rule of Civil Procedure 55(b). See generally FED. R. CIV. P. 55(b)(1)-(2). Plaintiffs assert that filing a motion to stay neither "serves as a substitute" for a motion pursuant to Federal Rule of Civil Procedure 12, nor "tolls the time" within which to answer, move, or otherwise reply to Plaintiffs' Complaint. (Defendants' Reply Memorandum in Support of Motion to Stay and for Alternative Relief (hereinafter, "Defs.' Reply") [Doc. No. 18], 1.) However, timely filing a motion for an extension of the time within which to

answer, move, or otherwise respond to the complaint, as here, precludes entry of default. See Walthour v. Tennis, No. 07-443, 2008 WL 314255, at *4 (M.D. Pa. Feb. 4, 2008) (noting that timely service and filing of a motion to dismiss "precludes entry of default"); Khan v. Bank of Am. Home Loan Servicing L.P., No. 12-117, 2012 WL 1495592, at *1 n.2 (D.N.J. Apr. 27, 2012) (noting that the court denied plaintiffs' request for default in light of defendant's request for an "extension of time to answer"); Super 8 Worldwide, Inc. v. KNR Hotels, LLC, No. 09-3302, 2009 WL 4911942, at *4 (D.N.J. Dec. 11, 2009) (granting defendants "an additional thirty days to answer" plaintiff's complaint, and denying plaintiff's request for the entry of default without prejudice). Consequently, the Court denies without prejudice Plaintiffs' request for the entry of default.

Consequently, for the reasons set forth herein, and for good cause shown:

IT IS on this 28th day of May 2014,

**ORDERED** that Defendants' motion to stay and for alternative relief [Doc. No. 10] shall be, and hereby is, **DENIED WITHOUT PREJUDICE** to the extent Defendants seek to stay this litigation pending resolution of the E.D.N.Y. action; and it is further

20

**ORDERED** that Defendants' motion to stay and for alternative relief [Doc. No. 10] shall be, and hereby is, **DENIED** to the extent Defendants request that the Court conduct an early initial scheduling conference; and it is further

**ORDERED** that Defendants' motion to stay and for alternative relief [Doc. No. 10] shall be, and hereby is, **GRANTED** to the extent Defendants seek an extension of time within which to answer, move, or otherwise respond to Plaintiffs' complaint; and it is further

**ORDERED** that Plaintiffs' request for the entry of default with respect to all Defendants [Doc. No. 16] shall be, and hereby is, **DENIED WITHOUT PREJUDICE**.


s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE


cc:  Hon. Noel L. Hillman