| | |
|---|---|
| **Ardak Akishev,** *et al.*<br><br>**Plaintiffs,**<br><br>v.<br><br>**Sergey Kapustin,** *et al*,<br><br>**Defendants.** | **Civil Action No. 13-cv-07152(NLH)(AMD)** |

UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY

## TEMPORARY RESTRAINING ORDER

**THIS MATTER** having been brought before the Court by Anna V. Brown, Esq. and Maria Temkin, Esq., attorneys for Plaintiffs, Ardak Akishev, Zhandos Aliakparov, Alexey Batalov, Evgeniy Borzenko, Igor Glazunov, Irina Glazunova, Andrey Kirik, Natalia Kirik, Arkadiy Kolbin, Evgeniy Kondratuk, Eduard Lisitsyn, Vladimir Lukyanov, Viktor Maniashin, Mikhail Matveev, Alexander Pukir, Evgeniy Telin, Yuriy Yamkoviy, Alla Yamkovaya, Alexander Zhilinskiy, Elena Zvereva, Mikhail Zverev, (collectively, "Plaintiffs"), seeking relief by way of Motion for Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65, Local Rule of Civil Procedure 65.1 and equitable powers of the Court to freeze all funds of the Defendants, Sergey Kapustin, Irina Kapustina, Michael Goloverya, Global Cargo Oy, G Auto Sales, Inc. ("G Auto"), Global Auto Sales, Inc. ("Global Auto"), Effect Auto Sales, Inc. ("Effect Auto"), and SK Imports, Inc. a/k/a Global Cars, Inc. ("Global Cars") and (collectively "Global Defendants") deposited in their accounts and the accounts of their owned entity Preor Oy, including but not limited to account in Nordea Bank IBAN/F15510695200016439 (the "Nordea Bank Account");

**WHEREAS,** on April 4, 2014, Plaintiffs have pled claims for civil racketeering in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(a-c)

(Counts I-III); civil conspiracy to commit RICO violations, 18 U.S.C. § 1962(d) (Count IV); violation of New Jersey Consumer Fraud Act ("CFA") 56:8-1, et seq.; the Motor Vehicle Information and Cost Savings Act (the "Odometer Act"), 49 U.S.C. § 32701, et seq., (Count VII); breach of contract (Count VIII); tort and civil conspiracy to commit tort (Count IX; X); conversion (Count XI); breach of implied covenant of good faith and fair dealing (Count XIV); violation of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act (Count XV); libel (Count XVI); violation of Pennsylvania Unfair Trade Practices Act and Consumer Protection Law 73 P.S. § 201-1, et seq. ("UTPCPL") (Count XVII) and claims for equitable relief for imposition of constructive trust (Count XVIII) and unjust enrichment and disgorgement of profits (Count XII);

**WHEREAS,** on June 3, 2014, Plaintiffs filed their Motion for Preliminary Injunction to freeze the accounts of Global Defendants at Citizens Bank and Wells Fargo Bank to which Plaintiffs had wired funds to purchase the vehicles through the Global Defendants websites that they never received;

**WHEREAS,** on September 22, 2014, to resolve the Motion for Preliminary Injunction, the Court entered the Consent Order (Docket No.80) requiring Global Defendants to deposit funds into the Court's registry with which Global Defendants failed to comply;

**WHEREAS,** on October 29, 2014, after several contempt hearings the Court made a preliminary finding that Global Defendants have committed at least two predicate acts of mail and wire fraud in the furtherance of a RICO enterprise through a pattern of racketeering activity conducted operating their websites (Docket No.110);

**WHEREAS,** on January 28, 2015, the Court issued an Order (Docket No. 157) requiring Defendant Kapustin to file a certification disclosing all corporate and personal assets, and Defendant Kapustin has failed to comply;

**WHEREAS,** Plaintiffs have demonstrated to the satisfaction of this Court that they satisfy the standards for obtaining a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b) by certifying in Plaintiffs' counsel affidavit that, (A) on November 4, 2014, Global Defendants diverted corporate funds into the Nordea Bank Account in Finland to avoid compliance with the Consent Order and concealed the existence of the account, and that any further dissipation will result in an immediate and irreparable injury to Plaintiffs; and (B) no notice to Global Defendants should be required to avoid further immediate dissipation of assets.

**WHEREAS**, Plaintiffs have satisfied the four pronged test for preliminary injunctive relief set forth in *McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC*, 511 F.3d 350, 356 (3d Cir. 2007) because (1) there is a reasonable likelihood that it will prevail on the merits of the claims as Plaintiffs have established grounds for entering default judgement in their Motion for Sanctions (Docket No. 169) and during the evidentiary hearing on the motion on April 27, 2015; (2) Plaintiffs have demonstrated that they will suffer an irreparable harm in the absence of a temporary restraining order and based on Global Defendants' previous concealment and diversion of corporate funds, Global Defendants will continue to dissipate assets leaving Plaintiffs with no recovery; (3) Global Defendants will suffer no appreciable harm as the funds in their accounts have been concealed through fraud; (4) the public is served by deterring Defendants' fraudulent schemes to avoid compliance with the Court's orders;

**AND THIS COURT** having considered the Motion,

**IT IS HEREBY ORDERED** on this 18th day of June, 2015, that the Plaintiffs' Motion is **GRANTED** in its entirety, as follows:

1. Predicated upon the foregoing findings of fact and conclusions of law, Global Defendants are immediately **ENJOINED** from removing, withdrawing, drawing upon, pledging, or in any way alienating any funds or deposits of any kind of monies from any

bank accounts in the United States and foreign countries, including but not limited to funds in the Nordea Bank Account IBAN/F15510695200016439 in the amount of up to $1,500,000.00 (one and a half million dollars). Any funds currently in the accounts, incoming wires, transfer funds and deposits in the names of, or subject to control by Global Defendants, shall be immediately frozen in the accounts until further Order of this Court.

2. This Temporary Restraining Order shall apply to any agents, employees, independent contractors, officers, directors, successors, assigns and affiliates of Global Defendants, including Preor Oy. This injunction shall also apply to all persons aiding, abetting, or acting under the control of Global Defendants.

3. All financial institutions, including, without limitation, Nordea Bank Finland Plc New York Branch, shall comply with this Order and provide complete information regarding all accounts held by the Global Defendants and agents, employees, independent contractors, officers, directors, successors, assigns and affiliates as well as persons aiding, abetting, or acting under the control of Global Defendants.

4. This Temporary Restraining Order shall remain in effect 14 days or until further Order of the Court.

5. No bond is required to be posted.

FOR THE COURT:

___s/ Noel L. Hillman_____
Honorable Noel L. Hillman
UNITED STATES DISTRICT COURT JUDGE