```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ARDAK AKISHEV, et al.,<br><br>      Plaintiffs/Cross-Claim<br>      Plaintiffs,<br><br>                    V.<br><br>SERGEY KAPUSTIN, GLOBAL AUTO,<br>INC., MICHAEL HITRINOV, EMPIRE<br>UNITED LINES, CO., INC., et al.,<br><br>      Defendants/Cross-Claim<br>      Defendants. | Civil Action No.<br>13-7152(NLH)(AMD)<br><br>**MEMORANDUM<br>OPINION & ORDER** |

**APPEARANCES:**

ANNA V. BROWN
MARIA TEMKIN
BROWN & TEMKIN, LLC
1700 MARKET STREET
SUITE 1005
PHILADELPHIA, PA 19103
     On behalf of plaintiffs/cross-claim plaintiffs

JON WERNER
LYONS & FLOOD LLP
ONE EXCHANGE PLAZA
55 BROADWAY, SUITE 1501
NEW YORK, NY 10006
     On behalf of cross-claim defendants Michael Hitrinov and
     Empire United Lines, Co., Inc.

**HILLMAN**, District Judge

This case initially arose out of the claims of plaintiffs, a group of twenty-one victims from Russia, who described a "bait-and-switch" fraudulent scheme masterminded and operated by defendants, Sergey Kapustin, several of his business associates, and his corporate entities, through

deceptive online advertising aimed at luring international customers to wire funds for automobile purchases and then switching to higher prices, misrepresenting mileage, condition and location and ownership of these vehicles, extorting more funds, and failing to deliver the paid-for-vehicles.

A tortured procedural history, including the bankruptcies of Kapustin and the corporate entities which were dismissed by this Court as fraudulent, and the entry of default judgment against Kapustin and the corporate entities (hereinafter "Global defendants" or "Global cross-claim plaintiffs") for fraud and RICO violations, among other claims, has led to the present motion of Michael Hitrinov a/k/a Michael Khitrinov and Empire United Lines, Co., Inc. (the "EUL defendants") to dismiss plaintiffs' cross-claims against them. Plaintiffs' cross-claims against the EUL defendants arose when the Global defendants assigned their cross-claims against the EUL defendants to plaintiffs.

The Global entities had filed an action in the U.S. District Court for the Eastern District of New York (the "EDNY action") for breach of contract, conversion, and replevin against the EUL defendants. The Global entities then filed cross-claims against the EUL defendants in this case. The cross-claims asserted in this case were identical to the claims in the EDNY action, but were limited to the vehicles purchased by five plaintiffs. The Global entities also alleged that the EUL defendants seized the 16 vehicles located

2

at the time in Elizabeth, New Jersey without any legal or equitable right. The EDNY action was dismissed, and the Global entities then amended their cross-claims here to include all claims in the EDNY action, including replevin of the Elizabeth Vehicles, and to include Sergey Kapustin as a plaintiff individually.

Thus, through the assignment of the Global entities' claims against the EUL defendants, the 21 plaintiffs who were victims of Kapustin's and the Global entities' fraud are now prosecuting the claims of the Global entities against the EUL defendants. The EUL defendants have moved to dismiss these claims on several bases, including improper service and lack of subject matter jurisdiction. The cross-claim plaintiffs have opposed the EUL defendants' motion.

Without having to delve into the vast and complex procedural history of this case, the Court finds that the issues regarding service of process on the EUL defendants, can be cured by the cross-claim plaintiffs serving (or re-serving) the EUL defendants with the First Amended Cross-Claim Complaint ("FACCC") in accordance with Federal Civil Procedure Rule 4. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must

3

extend the time for service for an appropriate period."); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1308 (3d Cir. 1995) (explaining that under Rule 4(m), the district court must first determine whether good cause exists for failure to serve, and if good cause exists, the district court must extend the time for service). Because good cause for the service issues exists, the cross-claim plaintiffs shall serve the FACCC on the EUC defendants within 30 days of the date of this Opinion.

Once the cross-claim plaintiffs have served the EUL defendants with the FACCC,[1] the EUL defendants may answer or otherwise respond to the FACCC as permitted under the rules.[2] See Grand Entm't Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 492 (3d Cir. 1993) ("A district court's power to assert *in personam* authority over [a defendant] is dependent not only on compliance with due process but also on compliance with the technicalities of Rule 4.").

Therefore, for good cause having been shown,

IT IS on this    29th    day of    September   , 2016

---

[1] The Court notes that relaxed personal service is justified when a defendant has actively evaded service and there is clear evidence that the defendant actually received the papers at issue. Gambone v. Lite-Rock Drywall Corp., 124 F. App'x 78, 80 (3d Cir. 2005).

[2] Until the issues concerning service of the FACCC are resolved, the Court cannot address substantively defendants' other bases for the dismissal of the FACCC.

4

ORDERED that the MOTION to Dismiss, MOTION to Dismiss for Lack of Jurisdiction by EMPIRE UNITED LINES, CO., INC. and MICHAEL HITRINOV [320] be, and the same hereby is, DENIED; and it is further

ORDERED that cross-claim plaintiffs shall serve the First Amended Cross-Claim Complaint in accordance with Federal Civil Procedure Rule 4 within 30 days.

At Camden, New Jersey  
                                           \_\_s/ Noel L. Hillman\_\_  
                                           NOEL L. HILLMAN, U.S.D.J.