[D.I. 626]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ARDAK AKISHEV, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SERGEY KAPUSTIN, et al., <br><br> Defendants. | Civil No. 13-7152 (NLH/AMD) |

**<u>ORDER TO SEAL</u>**

This matter comes before the Court by way of motion [D.I. 626] filed by Defendants Empire United Lines, Co., Inc. and Michael Hitrinov, pursuant to Local Civil Rule 5.3 for an order to seal a transcript which memorializes the terms of a settlement in principle between the parties and the parties' assent to the settlement terms. The Court has considered Defendants' submission, no opposition having been filed, and decides this matter pursuant to F̲ED̲. R̲. C̲IV̲. P. 78. For the reasons set forth herein, the motion to seal is granted.

This case has an extensive procedural history, and the Court shall set forth herein only those facts relevant to the present motion. The Court conducted a settlement conference on

August 31, 2022, at which time Defendants reached a settlement in principle with Plaintiffs Ardak Akishev, Zhandos Aliakparov, Alexey Batalov, Igor Glazunov, Andrey Kirik, Natalia Kirik, Evgeniy Kondratuk, Eduard Lisitsyn, Viktor Maniashin, Mikhail Matveev, Yuriy Yamkoviy, Alla Yamkovaya, Irina Glazunova, Evgeniy Borzenko, Arkadiy Kolbin, Vladimir Lukyanov, Alexander Pukir, Evgeniy Telin, Alexander Zhilinsky, Elena Zvereva and Mikhail Zverev. (*See* Cert. of Ely Goldin, Esq. (hereinafter, "Goldin Cert.") [D.I. 626-1], Sept. 14, 2022, pp. 1-2, ¶ 2.) Although the settlement conference was not conducted on the record, once the parties reached an agreement, they requested that their agreement in principle be placed on the record pending execution of a written document. (*Id.* at p. 2, ¶ 4.) One of the material terms of the settlement required the parties to keep the terms of the settlement confidential. (*Id.* at p. 2, ¶ 3.) A transcript containing the terms of the settlement has been filed on the docket under temporary seal, and Defendants now seek to seal the transcript.

Local Civil Rule 5.3 governs a litigant's request to seal documents filed with the Court. L. Civ. R. 5.3(c)(3). Under the Local Rule, a party seeking to seal documents or to otherwise restrict public access must demonstrate: "(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought

2

is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request." L. Civ. R. 5.3(c)(3). For the reasons that follow, the Court finds that these factors weigh in favor of sealing the transcript setting forth the agreement in principle of the parties.[1]

In considering the public interest factor under Local Civil Rule 5.3(c), the Court recognizes that "the public's common law right of access to judicial proceedings and records . . . 'is beyond dispute.'" *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)(quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1066 (3d Cir. 1984)). As the Third Circuit has stated, "'the court's approval of a settlement or action on a motion are matters which the public has the right to know about and evaluate.'" *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011)(quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). "Thus, 'settlement documents can become part of the public component of a trial' under either of two circumstances: (1) 'when a settlement

---

[1] As Defendants represent that there are no prior orders sealing the same materials in this action, and they identify no party or non-party known to be objecting to the sealing request, the Court considers herein only the first four factors under Local Civil Rule 5.3(c)(3) in deciding the instant motion. (*See* Goldin Cert., p. 4, ¶¶ 12-13.)

is filed with a district court;' and (2) 'when the parties seek interpretative assistance from the court or otherwise move to enforce a settlement provision.'" *Id.* (quoting *Enprotech Corp. v. Renda*, 983 F.2d 17, 20 (3d Cir. 1993)). Although "this presumption is not absolute and may be rebutted[,]" *Tatum v. Chrysler Grp., LLC*, No. 10-4269, 2013 WL 12152408, at *2 (D.N.J. Aug. 19, 2013) (noting that a "[c]ourt may deny public access to judicial records if a movant can show good cause for keeping documents under seal"), if parties "ask a judge to decide their dispute, the public should have access to the information forming the basis of the judge's decision unless shown good cause." *Brock v. Vanguard Grp.*, Civil No. 16-6281, 2017 WL 11507659, at *4 (E.D. Pa. July 27, 2017). Here, the parties placed the terms of the settlement on the record to confirm the material terms until the parties were able to reduce the agreement to writing. However, the parties have not filed the settlement agreement with the Court nor asked for the Court to interpret the terms of the agreement or otherwise enter a ruling with respect to the agreement. Consequently, there is no presumptive right of public access to such information, and the Court finds that the public interest factor does not weigh against granting the motion to seal.

       The Court next considers the private interest factor under Local Civil Rule 5.3(c). A party may have a significant privacy interest when it "would not have entered into the

settlement agreement[] *but for* [an] assurance of confidentiality." *See LEAP Sys.*, 638 F.3d at 222 (emphasis in original). Moreover, the Third Circuit has stated that it is "more likely to require disclosure when 'a party benefitting from the order of confidentiality is a public entity or official,' or when the judicial record 'involves matters of legitimate public concern.'" *Id.* (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778, 788 (3d Cir. 1994)). In this regard, "'[c]ircumstances weighing against confidentiality exist when confidentiality is being sought over information important to public health and safety, and when the sharing of information among litigants would promote fairness and efficiency.'" *Id.* (quoting *Pansy*, 23 F.3d at 777). One of the material terms of the settlement agreement at issue here expressly requires confidentiality, thereby demonstrating the parties' intent to maintain the confidentiality of the settlement terms. Further, this case involves private litigants. The private interest factor thus weighs in favor of granting the motion to seal.

Turning to the injury factor of Local Civil Rule 5.3(c)(3), the Court may seal information upon a "particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-4394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006)(quoting *Pansy*, 23 F.3d at 786). "'[B]road

5

allegations of harm, unsubstantiated by specific examples or articulated reasoning[,]" will not suffice to seal a judicial record. *Id.* "[F]ailure to put forth a specific and clearly defined risk of injury is fatal to any motion to seal." *Reilly v. Vivint Solar*, Nos. 18-12356, 16-9446, 2021 WL 248872, at *5 (D.N.J. Jan. 26, 2021)(rejecting as "conclusory" defendant's "assertion that the very nature of the information in question would put [Defendant] at [a] competitive disadvantage in the solar industry and cause financial harm" and stating that "[t]he allegedly obvious and inherent harm that would come from public access to these documents may be clear to Defendant, but it is not clear to the Court, and it is not the Court's duty to manufacture such an explanation on its own"). The Court finds here that Defendants fail to specify a "clearly defined and serious injury" that would result from disclosure of the terms of the settlement agreement. Defendants assert only that they "would be injured if the material terms of the settlement disclosed in the Settlement Transcript were not redacted and sealed, because public disclosure of that information would constitute [a] breach of the parties' settlement agreement." (Goldin Cert., p. 3, ¶ 10.) This assertion of harm, however, is too vague to meet Defendants' burden of demonstrating injury with the requisite particularity to warrant sealing portions of the settlement agreement. As such, Defendants fail to make a sufficient showing of injury that will occur if the terms

6

of the settlement agreement are placed on the public docket, and the injury factor thus weighs against sealing.

Finally, the Court considers under Local Civil Rule 5.3(c) whether less restrictive alternatives are available. The Court finds that there are no less restrictive alternatives given that the transcript consists almost entirely of the material terms of the settlement, rendering redaction an ineffective alternative. This factor, therefore, supports sealing of the settlement transcript.

Balancing the factors under Local Civil Rule 5.3(c), the Court finds that Defendants have met their burden of demonstrating that the transcript from August 31, 2022, in which the parties memorialized the material terms of their settlement in principle pending execution of a written settlement agreement, should be sealed. While Defendants have not identified injury from disclosure of the terms with the requisite specificity, the Court finds that the private interest factor, the public interest factor, and the lack of a less restrictive alternative all support sealing. The motion to seal will therefore be granted.

CONSEQUENTLY, for the reasons set forth herein, and for good cause shown:

IT IS on this **8th** day of **December 2022**,

**ORDERED** that the motion to seal [D.I. 626] shall be, and is hereby, **GRANTED**; and it is further

**ORDERED** that the transcript [D.I. 625] from August 31, 2022 shall remain under seal.

<pre>
                                    s/ Ann Marie Donio
                                    ANN MARIE DONIO
                                    UNITED STATES MAGISTRATE JUDGE
cc: Hon. Noel L. Hillman
</pre>