UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
ARDAK AKISHEV, et al.,            1:13-cv-07152-NLH-AMD

          Plaintiffs,
                                  OPINION
     v.

SERGEY KAPUSTIN, et al.,

          Defendants.
```

Appearances:

ANNA V. BROWN
MARIA TEMKIN
BROWN LEGAL CONSULTING, LLC
10 RITTENHOUSE ROAD
FRENCHTOWN, N.J. 08825

   *On behalf of Plaintiffs*

IRINA KAPUSTINA
MICHAEL GOLOVERYA

   *Defendants proceeding pro se*

**HILLMAN**, District Judge

   Pending before the Court are Plaintiffs Ardak Akishev, Zhandos Aliakparov, Alexey Batalov, Evgeniy Borzenko, Igor Glazunov, Irina Glazunova, Andrey Kirik, Natalia Kirik, Arkadiy Kolbin, Evgeniy Kondratuk, Eduard Lisitsyn, Vladimir Lukyanov, Viktor Maniashin, Mikhail Matveev, Alexander Pukir, Evgeniy Telin, Yuriy Yamkoviy, Alla Yamkovaya, Alexander Zhilinskiy, Elena Zvereva, and Mikhail Zverev's ("Plaintiffs") motions for

confession of judgment against Defendants Irina Kapustina, (ECF 630), and Michael Goloverya, (ECF 633), (collectively "Defendants") and Plaintiffs' motion to seal, (ECF 635).  For the reasons expressed below, Plaintiffs' motions for confession of judgment and to seal will be granted at least temporarily.

## I. Background

Plaintiffs filed this action in November 2013, (ECF 1), and later amended their complaint to allege eighteen counts – including violations of the Racketeer Influenced and Corrupt Organizations Act and New Jersey Consumer Fraud Act, breach of contract, and common-law fraud – stemming from an alleged "bait and switch" car importation scheme, (ECF 27).  A jury trial was set for October 3, 2017, however the parties reported that the matter was settled during a September 13, 2017 conference.  (ECF 480).

Kapustina agreed to pay or cause to be paid $17,000 and, in the event of an untimely payment not cured within thirty days, provisions within the settlement agreement authorize Plaintiffs or their counsel to seek judgment in the amount of 25% of the unpaid balance plus $200,000.  (ECF 631-1 at ¶¶ 1, 7-8; p. 12).  Kapustina was originally required to pay $350 on the first of each month from November 2017 to September 2021 followed by a final payment of $550 in October 2021.  (Id. at p. 9-10).  However, a November 2018 addendum changed the schedule to an

2

initial $1,500 lump payment followed by payments of $350 due on the first of each month from January 2019 to July 2022 and then a final payment of $450 due on August 1, 2022.  (ECF 631-2).

Similarly, Goloverya agreed to pay or cause to be paid $17,000 and, in the event of breach for failure to make timely payments and cure within thirty days, the settlement provides for Plaintiffs to seek judgment in the amount of 25% of the outstanding balance plus $50,000.  (ECF 634-1 at ¶¶ 1, 7-8; p. 12).  Payments of $350 were initially to be paid on the first of each month from November 2017 to September 2021 followed by an October 2021 payment of $550.  (Id. at p. 9-10).  A November 2018 addendum amended that schedule to require monthly payments of $350 from January 2019 to November 2022, concluding with a $550 payment by December 1, 2022.  (ECF 634-2).

Following the addendums, Plaintiffs' counsel, Kapustina, Goloverya, and the undersigned signed stipulations of voluntary dismissal pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, incorporating by reference the original settlement agreements.  (ECF 588 at ¶ 1; ECF 589 at ¶ 1).  With respect to Goloverya, the Court retained jurisdiction by consent of the parties until February 28, 2023 for the specific purpose of enforcing the settlement and entering potential judgment.  (ECF 588 at ¶ 2).  The stipulation applicable to Kapustina contained a nearly identical provision with the Court retaining

jurisdiction through November 1, 2022.  (ECF 589 at ¶ 2).

On October 9, 2022, Plaintiffs moved for confession of judgment against Kapustina in the amount of $202,600, (ECF 630), alleging that Kapustina made payments until April 2020, defaulted, and failed to cure within thirty days – leaving a remaining balance of $10,400, (ECF 631 at ¶¶ 7-8).  Plaintiffs similarly moved for confession of judgment against Goloverya on October 24, 2022 in the amount of $50,000, (ECF 633), with counsel attesting that Goloverya defaulted and failed to cure within thirty days – leaving an outstanding balance of the full $17,000 originally owed, (ECF 634 at ¶¶ 8-9).  Later that day, Plaintiffs moved to seal counsel's affidavit in support of the motions to confess judgment, the settlements, and the addendums. (ECF 635).

**II. The Parties' Agreements to Confession of Judgment Upon Default of the Settlement Agreements**

In general, courts may retain jurisdiction to enforce settlement agreements pursuant to the doctrine of ancillary jurisdiction, which permits jurisdiction "over some matters (otherwise beyond their competence) that are incidental to other matters properly before them."  See Brass Smith, LLC v. RPI Indus., Inc., 827 F. Supp. 2d 377, 380-81 (D.N.J. Dec. 8, 2011) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 378 (1994)).  A district court possesses ancillary jurisdiction to

enforce a settlement agreement when "the terms of the settlement agreement ha[ve] been made part of the order of dismissal – either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." Raab v. City of Ocean City, 833 F.3d 286, 294 (3d Cir. 2016) (quoting Kokkonen, 511 U.S. at 381). Ancillary jurisdiction exists when a dismissal order incorporates the terms of a settlement agreement by reference and expressly retains jurisdiction over the settlement. See id. (referring to the judicial imprimatur necessary to confer prevailing-party status); see also SpaceAge Consulting Corp. v. Logic Corp., No. 15-cv-3413, 2018 WL 3159883, at *2 (D.N.J. May 15, 2018) report and recommendation adopted sub nom. SpaceAge Consulting Corp. v. Logic Corp., No. 15-3413, 2018 WL 3159867 (D.N.J. May 31, 2018) (noting that the language in the dismissal order was similar to that in Raab and recommending that the plaintiff's motion to enforce judgment be granted).

    Here, Defendants' only response to Plaintiffs' motions was a joint letter seeking until December 1, 2022 to file a full response. (ECF 636). The Court did not grant this extension, and, in any case, the requested date has come and gone. To the extent that Defendants claim that the Court is without jurisdiction over the settlement agreements, (id. at ¶ 5), they

5

are mistaken.  The Court incorporated by reference the terms of the settlement agreements in both dismissal orders and expressly retained jurisdiction over Goloverya's settlement until February 28, 2023 and Kapustina's until November 1, 2022.  (ECF 588; ECF 589).  The pending motions were both filed prior to those dates.  (ECF 630; ECF 633).  The Court therefore possesses ancillary jurisdiction over the settlement agreements.  See Raab, 833 F.3d at 294.

Further, to the extent that Defendants contend that the settlements were not actually agreed to or are unlawful, (ECF 636 at ¶ 4), the Court disagrees.  Settlement agreements are contracts and governed by state contract law.  Brass Smith, LLC, 827 F. Supp. 2d at 380.  New Jersey courts recognize that the parties are in best position to arrive at agreements that best avoid disadvantageous results and thus "strain to give effect to the terms of a settlement wherever possible."  See Jennings v. Reed, 885 A.2d at 482, 487-88 (N.J. Super. Ct. App. Div. 2005) (quoting Dep't of Pub. Advocate v. N.J. Bd. of Pub. Utils., 503 A.2d 331, 333 (N.J. Super. Ct. App. Div. 1985)).  Settlements freely entered are to be honored "absent a demonstration of 'fraud or other compelling circumstances.'"  Id. at 488 (quoting Pascarella v. Bruck, 462 A.2d 186, 190 (N.J. Super. Ct. App. Div. 1983)).  When the intentions of the parties are clear, courts enforce settlement agreements unless doing so would lead

to absurd results. Capparelli v. Lopatin, 212 A.3d 979, 992 (N.J. Super. Ct. App. Div. 2019) (citing Quinn v. Quinn, 137 A.3d 423 (N.J. 2016)).

Here, Defendants reference two May 2018 filings in which they argued that the sums due in the event of default were grossly disproportionate to the $17,000 each were to pay in the settlement. (ECF 542 at 4-6; ECF 544 at 4-6).[1] The Court thereafter denied Plaintiffs' motions for entry of judgment without prejudice, (ECF 578), and held a hearing that resulted in the addendums and dismissal orders in which the Court expressly retained jurisdiction for the purpose of enforcing the confession-of-judgment provisions in the original settlement agreements. (ECF 588; ECF 589). The Court finds that Defendants therefore reviewed, understood, and acknowledged the terms of the settlement agreements on no less than three separate occasions – the time of the settlements, the time of the addendums, and the time of the stipulations and dismissal orders. These events, coupled with the sheer breadth of the fraud scheme underlying this action, much of the economic harm of which Plaintiffs will not recover, and Goloverya's and Kapustina's personal involvement in and profit from the fraud scheme, convince the Court that the intentions of the parties

---

[1] These letters were nearly identical and Goloverya's mistakenly states that he, too, would be obligated to pay $200,000 in the event of default. (ECF 544 at 5-6).

7

are clear and that enforcement of the terms agreed upon would not produce an absurd result.  See Capparelli, 212 A.3d at 992.  The Court will therefore grant Plaintiffs' motions and enter judgments against Defendants pursuant to the Court's authority to enforce the terms of the settlement agreements and addendums.  See Raab, 833 F.3d at 294.[2]

**III. Motion to Seal**

Shortly following their motions for confession of judgment, Plaintiffs moved to seal the settlement agreements, addendums, and supporting affidavits included with each of the prior two motions.  (ECF 635).  Motions to seal within this District are governed by Local Civil Rule 5.3.  See Medley v. Atl. Exposition Servs., Inc., 550 F. Supp. 3d 170, 203 (D.N.J. July 26, 2021).  Motions to seal must be made via a single, consolidated motion on behalf of all parties, L. Civ. R. 5.3(c)(1), and include (a) the nature of the materials or proceeding at issue, (b) the interests warranting the relief sought, (c) the clearly defined,

---

[2] Plaintiffs cite New Jersey Court Rule 4:45-2 in their submissions, (ECF 631 at ¶ 11; ECF 634 at ¶ 12), and the relevant schedules in the settlement agreements are entitled "Confession of Judgment," (ECF 631-1 at 12; ECF 634-1 at 12), yet it is unclear whether Plaintiffs intended to strictly comply with the court rule as they also cite the notice requirements provided in the settlement agreements.  The Court resolves this ambiguity by concluding that it may grant the relief sought through its authority to enforce the terms of the settlement agreements.  Reliance on a state court rule of procedure is unnecessary for this Court to enforce settlements reached in this Court.

serious injury that would result without relief, (d) an explanation as to why less restrictive alternatives are unavailable, (e) any prior orders involving the sealing of the same materials, and (f) the identity of any objector, L. Civ. R. 5.3(c)(3).  The presumption in favor of public access to judicial proceedings creates a burden that movants may overcome only by a showing of "good cause" – that is "a particularized showing that disclosure will cause a 'clearly defined and serious injury'" – that materials should be protected.  See Medley, 550 F. Supp. 3d at 203-04 (quoting Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)).

Here, Plaintiffs assert that the materials to be sealed are confidential settlement agreements and related declarations, the parties have legitimate privacy interests in protecting financial information and settlement terms while the public interest in such information is minimal, disclosure would harm the parties' privacy interests, less restrictive relief is unavailable as redactions would render the documents unintelligible, some of the documents have previously been sealed by the Court, and there are no known objectors. (ECF 635-1 at ¶ 4).

The Court agrees that the parties have a compelling privacy interest in the settlement information contained in the relevant materials and that the public has no legitimate interest in such

information.  See Morgan v. Wal-Mart Stores, Inc., No. 14-4388, 2015 WL 3882748, at *2 (D.N.J. June 23, 2015).  The Court does not, however, ignore the procedural deficiencies in Plaintiffs' motion, namely the lack of index as described in Local Civil Rule 5.3(c)(3) and the fact that Plaintiffs' unilateral filing, common in typical motion practice, is insufficient for the purposes of a motion to seal.  See Sosinavage v. Thomson, Nos. 1:14-cv-3292 & 1:14-cv-3323, 2022 WL 2442496, at *3 (D.N.J. July 4, 2022).  Nonetheless, the Court holds that the balance of private and public interests favors sealing and the Court will therefore grant Plaintiffs' motion despite its procedural deficiencies.  See Burress v. Freedom Mortg. Corp., No. 1:20-cv-15242, 2022 WL 2916070, at *5 (D.N.J. July 22, 2022) (recognizing courts' inherent equitable power to protect privacy interests and granting a motion to seal despite procedural defects).

Though the Court grants Plaintiffs' motion to seal, it notes that information such as the sums owed, when they were owed, and the consequences of Defendants' defaults have necessarily been discussed within this Opinion and must be included in any corresponding Judgment.  Once such information is made public, it cannot later be redacted or sealed.  See Janssen Prods., L.P. v. Lupin Ltd., No. 2:10-05954, 2014 WL 956086, at *3 (D.N.J. Mar. 12, 2014).  The Court will therefore

file this Opinion and corresponding Order and Judgment under temporary seal. The parties shall have ten days to identify any portions of the Opinion, Order, and Judgment that they submit should be redacted with the understanding that if the Court is to enter a Judgment it must be public as to amount and the reasoning behind its entry explained publicly on the docket. If neither party files a motion to seal within ten days of the issuance of this Opinion, the temporary seal shall be lifted.

**IV. Vehicle Titles**

The Court, in a September 16, 2015 order, directed that twelve certificates of title and salvage certificates be deposited into the Registry of the Court along with two bills of lading. (ECF 266). Further, in response to a Court order, twenty additional title documents were transmitted to the Court in July 2015. (ECF 240). Of those twenty documents, a bill of sale, a certificate of title, and four certificates of destruction remain with the Registry of the Court.[3]

The Court intends to release these remaining documents as this matter will now be closed as all claims have been resolved once the Court enters Judgment enforcing the terms of the Goloverya and Kapustina settlement agreements in favor of

---

[3] The other fourteen documents, all certificates of title, were returned pursuant to the Court's November 22, 2022 order. (ECF 642). The Court has maintained Return of Non-Cash Collateral records for these fourteen titles.

11

Plaintiffs.  The Court finds Plaintiffs' counsel, Anna V. Brown, to be the most appropriate recipient of the remaining records, subject to the contrary desires of the parties.  Therefore, the Court will provide the parties thirty days to show cause why the remaining records should not be transmitted to Brown.  If neither party responds within thirty days, the Court will direct the Clerk's Office to transmit the remaining records from the Registry of the Court to Brown.

**V. Conclusion**

For the reasons stated above, Plaintiffs' motions for confession of judgment, (ECF 630; ECF 633), and to seal, (ECF 635), will be granted.  This Opinion and corresponding Order and Judgment shall be filed under temporary seal and the parties shall have ten days to file a motion to seal compliant with Local Civil Rule 5.3 identifying any portions to be redacted. The parties shall have thirty days to show cause why title records remaining with the Registry of the Court should not be transmitted to Plaintiffs' counsel.

An Order and Judgment consistent with this Opinion will be entered.

Date: <u>February 17, 2023</u>          <u>s/ Noel L. Hillman</u>
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.